FILED

OCT 3 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

1  FEDERMAN & SHERWOOD
   William B. Federman
2  120 N. Robinson, Suite 2720
   Oklahoma City, OK 73102
3  Telephone: (405) 235-1560
   Facsimile: (405) 239-2112
4
5  GREEN WELLING LLP
   Robert S. Green (SBN 136183)
6  595 Market Street, Suite 2750
   San Francisco, CA 94105
7  Telephone: (415) 477-6700
   Facsimile: (415) 477-6710
8
9  Attorneys for Plaintiff
10
11              UNITED STATES DISTRICT COURT
12            NORTHERN DISTRICT OF CALIFORNIA
13  GREG SUTTERFIELD, Derivatively On Behalf      No. C-04-0893 BZ
    of MICROMUSE, INC.,
14                                                ORDER PRELIMINARILY
                    Plaintiff,                    APPROVING SETTLEMENT AND
15        vs.                                     PROVIDING FOR NOTICE
16  LLOYD CARNEY, et al.,
17                  Defendants.
18        - and -
19  MICROMUSE, INC., a Delaware corporation,
20
21              Nominal Defendant.
22
23
24
25
26
27
28
   ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
   No. C-04-0893 BZ
   SF/21636915.1

1    WHEREAS, the parties have made application, pursuant to Federal Rule of Civil

2    Procedure 23.1, for an order approving the settlement (the "Settlement") of the Federal

3    Derivative Action, in accordance with the Stipulation and Agreement of Settlement dated

4    September 28, 2005 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets

5    forth the terms and conditions set forth therein; and

6    WHEREAS, all capitalized terms contained herein shall have the same meanings as set

7    forth in the Stipulation (in addition to those capitalized terms defined herein); and

8    WHEREAS, the Court having read and considered the Stipulation and the Exhibits

9    annexed thereto:

10    NOW, THEREFORE, IT IS HEREBY ORDERED:

11    1.    The Court does hereby preliminarily approve, subject to further consideration at

12    the Settlement Hearing described below, the Stipulation and the Settlement set forth therein,

13    including the terms and conditions for settlement and dismissal with prejudice of the Federal

14    Derivative Action.

15    2.    A hearing (the "Settlement Hearing") shall be held before this Court on

16    December 7, 2005, at 1:30 p.m., at the United States Courthouse, 450 Golden Gate Ave, 15th

17    Floor, Courtroom G, San Francisco, California, 94102, to determine whether the Settlement of

18    the Federal Derivative Action on the terms and conditions provided for in the Stipulation is fair,

19    reasonable and adequate to Micromuse and all persons who currently hold shares of Micromuse

20    ("Current Micromuse Shareholders") and should be approved by the Court; and whether a

21    Judgment as provided in ¶ 1.15 of the Stipulation should be entered herein.  The court may

22    adjourn the Settlement Hearing or modify any of the dates set forth herein without further notice

23    to Current Micromuse Shareholders.

24    3.    The Court approves, as to form and content, the Short Form of Notice of

25    Proposed Settlement of Derivative Action ("Short Version Derivative Notice"), the Long Form

26    of Notice of Proposed Settlement of Derivative Action for Posting on Website ("Long Version

27    Derivative Notice"), and the Summary Notice for Publication of Settlement of Derivative Action

28    ("Summary Derivative Notice") annexed respectively as Exhibits B-1, B-2, and B-3 hereto, and

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
No. C-04-0893 BZ
SF/21636915.1                                                                                                                            1

finds that the mailing and distribution of the Short Version Derivative Notice, posting of the Long Version Derivative Notice on the Micromuse website, and publication of the Summary Derivative Notice, substantially in the manner and form set forth in this Order, meets the requirements of Federal Rule of Civil Procedure 23.1 and due process under the United States Constitution and any other applicable laws, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

4.     A.B. Data. Ltd. (P.O. Box 170500, Milwaukee, Wisconsin, 53217) is authorized to act as "Notice Administrator" to supervise and administer the notice procedure as more fully set forth below:

(a)     Not later than October 7, 2005, the Notice Administrator shall cause a copy of the Short Version Derivative Notice substantially in the form annexed as Exhibit B-1 to be mailed by first class mail to the Current Micromuse Shareholders;

(b)     Not later than October 7, 2005, Defendants shall cause a copy of the Long Version Derivative notice substantially in the form annexed as Exhibit B-2 to be posted on the Micromuse website;

(c)     Not later than October 17, 2005, the Notice Administrator shall cause the Summary Derivative Notice substantially in the form annexed as Exhibit B-3 to be published once in Investor's Business Daily; and

(d)     Not later than November 15, 2005, the Notice Administrator shall serve on Derivative Plaintiff's Counsel and Derivative Plaintiff's Counsel shall file with the Court proof, by affidavit or declaration, of such mailing and publishing.

5.     Nominees who held or hold the common stock of Micromuse on behalf of any of the Current Micromuse Shareholders shall send the Short Version Derivative Notice to such beneficial owners of Micromuse common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Notice Administrator within ten (10) days of receipt thereof, in which event the Notice Administrator shall promptly mail the Short Version Derivative Notice to such beneficial owners.

1   6.   All Current Micromuse Shareholders shall be bound by all orders, determinations
2   and judgments in the Federal Derivative Action concerning the Settlement, whether favorable or
3   unfavorable to the Current Micromuse Shareholders.

4   7.   Pending final determination of whether the Settlement should be approved and
5   applied in the Federal Derivative Action, all proceedings and all further activity between the
6   Settling Parties regarding or directed toward the Federal Derivative Action, and save for those
7   activities and proceedings relating to the Stipulation and the Settlement, shall be stayed.

8   8.   Pending final determination of whether the Settlement should be approved,
9   Derivative Plaintiff shall not commence, maintain or prosecute against Defendants or the other
10  Released Persons, or any of them, any action or proceeding in any court or tribunal asserting any
11  of the Released Claims.

12  9.   Derivative Plaintiff's Counsel shall apply to the Court for an award of attorneys'
13  fees and for reimbursement of expenses on or before November 15, 2005.

14  10.   Any Current Micromuse Shareholder who wishes to object to the Settlement of
15  the Federal Derivative Action, or to Derivative Plaintiff's Counsel's application for an award of
16  attorneys' fees and for reimbursement of expenses, shall have a right to appear and be heard at
17  the Settlement Hearing. Any Current Micromuse Shareholder may enter an appearance through
18  counsel of such member's own choosing and at such member's own expense or may appear on
19  their own. The Short Version Derivative Notice and Long Version Derivative Notice shall state
20  that to object, Current Micromuse Shareholders must send a signed letter stating the reasons for
21  any objection to the proposed settlement in *Greg Sutterfield, derivatively and on behalf of*
22  *Micromuse, Inc. v. Lloyd Carney, et al., Defendants and Micromuse, Inc., Nominal Defendant,*
23  Case No. C-04-0893 BZ,  including their name, address, telephone number and signature, and
24  proof of current ownership and the date(s) of purchase(s) of Micromuse stock.  The Short
25  Version Derivative Notice and Long Version Derivative Notice shall further require that the
26  objections be filed with the Claims Administrator on or before November 15, 2005.

27  11.   Any reply papers in response to any objections or in further support of the
28  Settlement shall be filed with the Court and served on or before November 29, 2005.

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
No. C-04-0893 BZ
SF/21636915.1

3

12.     All reasonable expenses incurred in identifying and notifying Current Micromuse Shareholders, shall be paid as set forth in the Stipulation.

13.     If a Current Micromuse Shareholder fails to object to the Settlement of the Federal Derivative Action, such Shareholder will have waived any and all objections and shall forever be barred from making any objection to or otherwise challenging the Federal Derivative Action Settlement, the Judgment dismissing the Federal Derivative Action, or any other proceedings in the action, including an appeal.

14.     Neither the Stipulation nor any document referred to therein nor any action taken to carry out the Stipulation is, may be construed as or may be used as an admission by or against the Defendants, or any of them, of any fault, wrongdoing or liability whatsoever.

15.     The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to the Current Micromuse Shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Current Micromuse Shareholders.

IT IS SO ORDERED

Dated: **30 ct 05**

HONORABLE BERNARD ZIMMERMAN
UNITED STATES MAGISTRATE JUDGE

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE
No. C-04-0893 BZ
SF/21636915.1

4

Legal Tabs Co. 800-322-3022 

**EXHIBIT B-1**

1   FEDERMAN & SHERWOOD
    William B. Federman
2   120 N. Robinson, Suite 2720
    Oklahoma City, OK 73102
3   Telephone: (405) 235-1560
    Facsimile: (405) 239-2112
4

5   GREEN WELLING LLP
    Robert S. Green (SBN 136183)
6   595 Market Street, Suite 2750
    San Francisco, CA 94105
7   Telephone: (415) 477-6700
    Facsimile: (415) 477-6710
8

9   Attorneys for Plaintiff

10

11                  UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
12

13  GREG SUTTERFIELD, Derivatively On Behalf          No. C-04-0893 BZ
    of MICROMUSE, INC.,
14
                    Plaintiff,
15          vs.

16  LLOYD CARNEY, et al.,                             Date:   December 7, 2005
                                                      Time:   1:30 p.m.
17                  Defendants.                       Place:  Courtroom G, 15th Floor
                                                      Judge:  Bernard Zimmerman
18          - and -

19                                                    **FEDERAL DERIVATIVE ACTION
                                                      NOTICE OF PROPOSED
20  MICROMUSE, INC., a Delaware corporation,          SETTLEMENT, FINAL APPROVAL
                                                      HEARING, AND MOTION FOR
21                  Nominal Defendant.                ATTORNEY FEES (SHORT VERSION)**

22

23

24

25

26

27

28

**TO:  ALL HOLDERS OF MICROMUSE, INC. COMMON STOCK.  PLEASE READ THIS NOTICE CAREFULLY.  IT MAY AFFECT YOUR RIGHTS.**

THIS NOTICE RELATES TO THE SETTLEMENT OF A SHAREHOLDERS' DERIVATIVE ACTION AND CLAIMS ASSERTED THEREIN ON BEHALF OF MICROMUSE.

- The Settlement resolves a lawsuit alleging that certain of Micromuse's officers and directors breached their fiduciary duties to Micromuse.

- The Settlement will require Micromuse to maintain and adopt certain therapeutic governance measures for the benefit of the Corporation and all Micromuse shareholders. which are intended to avoid the types of problems complained of in the Federal Derivative Action, and which shall remain in effect for at least two (2) years from the date they are adopted.

- Your legal rights will be affected whether you act, or do not act.  Read this Notice carefully.

This Notice is given pursuant to Rule 23.1 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California (the "Court"). The purpose of this Notice is to inform you of the proposed Settlement of the Federal Derivative Action (the "Action"), and of the hearing to be held by the Court to consider: (1) the fairness, reasonableness, and adequacy of the Settlement; and (2) the applications for attorneys' fees. This Notice describes rights you may have under the proposed Settlement and what steps you may take in relation to Action.  This Notice is not an expression of any opinion by the Court as to the merits of any claims or any defenses asserted by any party in this Action, or the fairness or adequacy of the proposed Settlement.

If you are a current Micromuse shareholder, you may object to the Settlement or any of its terms.  To object, you may write to the Claims Administrator setting forth your objection. Further details regarding how and when to object are set forth below.  If you are a current Micromuse shareholder and do not object to the Settlement, you will have waived any and all objections and shall forever be barred from making any objection to or otherwise challenging the Settlement or any other proceedings in the Action, including an appeal.

1    Concurrently with this Settlement, a related class action lawsuit is being settled as well.

2  The class action alleges that Micromuse and certain of its officers and directors misled investors

3  by artificially inflating the price of Micromuse common stock and "smoothing" earnings in order

4  to meet Wall Street's earnings expectations for the Company. A separate Notice of Proposed

5  Settlement of the Class Action is included in this mailing. The settlement of the class action may

6  affect your rights as described in that separate Notice. The Settlement of this Action is

7  contingent on the Court's approval of the settlement of the related class action lawsuit.

8                **SUMMARY OF SETTLEMENT AND RELATED MATTERS**

9  **1. THE LITIGATION**

10    The Federal Derivative Action, filed on March 4, 2004, alleges that the Individual

11  Defendants, current or former officers and directors of Micromuse, owed a duty to Micromuse

12  and its shareholders to be reasonably informed about the business and operations of the

13  Company. Plaintiff further alleges that the Individual Defendants breached these duties by

14  actively participating in, encouraging, sponsoring and/or approving of the wrongful acts or

15  omissions complained of in the Complaint, or purposely or recklessly disregarding those

16  wrongful acts or omissions. Defendants, while continuing to deny all allegations of wrongdoing

17  or liability, desire to settle and terminate the existing and potential claims against them, without

18  in any way acknowledging any fault or liability.

19    A separate group of plaintiffs have filed derivative actions on behalf of Micromuse in

20  state court, called *In re Micromuse Inc. Derivative Litigation*, California Superior Court, County

21  of San Francisco, Lead Case No. 04-428489 (the "State Derivative Action"). The State

22  Derivative Action makes allegations similar to those alleged in this Action: breach of fiduciary

23  duty, abuse of control, gross mismanagement, waste of corporate assets, unjust enrichment, and

24  violations of the California Corporations Code, but includes an insider selling claim not currently

25  contained in this Action. The state court has overruled in part defendants' demurrer to the

26  complaint in the State Derivative Action and has delayed further proceedings in the State

27  Derivative Action pending approval of this Settlement. If the Settlement of this Action is

28  approved by the Court, the parties to the Settlement intend that it will bar other claims asserted

FEDERAL DERIVATIVE ACTION NOTICE OF PROPOSED SETTLEMENT (SHORT VERSION)
No. C-04-0893 BZ
SF/21636631.1

2

1    on behalf of Micromuse, including the claims asserted in the State Derivative Action.   Further

2    information regarding the State Derivative Action may be obtained by contacting plaintiffs'

3    counsel for the State Derivative Plaintiffs:  Jeffrey P. Fink, Robbins, Umeda & Fink, LLP, 610

4    West Ash Street, Suite 1800, San Diego, CA 92101, Telephone (619) 525-3990.

5    **2. FURTHER INFORMATION AVAILABLE**

6          For a more detailed statement of the matters involved in this Action, reference is made to

7    the files in this Action, which may viewed online on the Stanford Securities Class Action

8    Clearinghouse website at http://securities.stanford.edu/1029/MUSEE-01/ (class action), or by

9    visiting the "Pacer" website for the United States District Court for the Northern District of

10   California, at https://ecf.cand.uscourts.gov/cand/index.html.  Alternatively, the files may be

11   inspected in person at the Office of the Clerk of the United States District Court for the Northern

12   District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102, during

13   regular business hours.

14          In addition, further information regarding the Action may be obtained by contacting:

15
16
17

> William B. Federman
> 120 N. Robinson, Suite 2720
> Oklahoma City, OK 73102
> Telephone:  (405) 235-1560
> Counsel for Plaintiff

18   **3. THE SETTLEMENT**

19          Prior to entering into the Stipulation, Plaintiff's Counsel conducted an investigation

20   relating to the events and transactions alleged in the Complaint.  Plaintiff's Counsel analyzed

21   evidence, documents and public filings of Micromuse, researched the applicable law with respect

22   to the claims against Defendants and the potential defenses thereto, and conducted confirmatory

23   discovery concerning the allegations in the Federal Derivative Action.  Plaintiff, by his counsel,

24   conducted arms'-length negotiations with counsel for Defendants with the assistance of retired

25   Judge Eugene Lynch, with respect to a compromise and settlement of the Federal Derivative

26   Action with a view to settling the issues in dispute and achieving the best relief possible

27   consistent with the interest of Micromuse and its shareholders.  The decision by Plaintiff's

28   Counsel and Defendants' Counsel to enter into the Settlement was made with knowledge of the

1  facts and circumstances underlying Plaintiff's claims and the strengths and weaknesses of those
2  claims.

3       Counsel for Plaintiff believes that the Settlement described herein confers very
4  substantial and immediate benefits upon Micromuse's shareholders. Plaintiff's Counsel deems
5  such settlement to be fair, reasonable and adequate, and in the best interests of Micromuse's
6  shareholders.

7       In full and final settlement of the Action, Micromuse will maintain and adopt certain
8  corporate governance measures, which are intended to avoid the type of problems complained of
9  in the Action, and which shall remain in effect for at least two (2) years from the date they are
10  adopted. A detailed listing of the corporate governance measures that will be maintained or
11  adopted as a result of the Settlement may viewed online at Micromuse's web page,
12  www.micromuse.com, by clicking on "company" and then on "investor relations," or by typing
13  www.corporate-ir.net/ireye/ir_site.zhtml?ticker=MUSE&script=2100. In consideration for
14  implementing these therapeutic corporate governance measures, upon the "Effective Date"
15  Plaintiff and Micromuse (as a nominal defendant in the Federal Derivative Action) will release
16  all claims in the Derivative Action against the "Released Parties." Further detail regarding the
17  scope of the releases contained in the Settlement can be viewed online at www.micromuse.com,
18  by clicking on "company" and then on "investor relations," or by typing www.corporate-
19  ir.net/ireye/ir_site.zhtml?ticker=MUSE&script=2100.

20       Plaintiff's Counsel in the Federal Derivative Action intend to apply for fees and
21  reimbursement of expenses of up to $250,000.00 incurred in pursuing the Federal Derivative
22  Action. Plaintiff's Counsel in the Federal Derivative Action have expended considerable time
23  and effort in the prosecution of this litigation. Plaintiff's Counsel worked wholly on a
24  contingency basis, and have advanced expenses of the litigation, in the expectation that if they
25  were successful in obtaining relief in the Federal Derivative Action, they would be paid for their
26  time and effort in prosecuting the litigation.

27  **4. THE FAIRNESS HEARING**

28

1    A hearing on the fairness of the Settlement will be held before the Honorable Bernard

2    Zimmerman in the United States Courthouse, 450 Golden Gate Avenue, 15th Floor, Courtroom

3    G, San Francisco, California at 1:30 p.m., on December 7, 2005 (the "Settlement Fairness

4    Hearing"). The purpose of the Settlement Fairness Hearing will be to determine (a) whether the

5    Settlement of the Federal Derivative Action is fair, reasonable and adequate; and (b) whether the

6    application for attorneys' fees and reimbursement of expenses should be approved. The Court

7    may adjourn or continue the Settlement Fairness Hearing without further notice to you or to

8    Micromuse's shareholders. If you intend to attend the Settlement Fairness Hearing, you should

9    confirm the date and time with Plaintiff's Counsel.

10   **5. THE RIGHT TO OBJECT**

11   You may object to the Settlement. To object, you must send a signed letter as outlined

12   below, stating that you object to the proposed settlement in *Greg Sutterfield, derivatively and on*

13   *behalf of Micromuse, Inc. v. Lloyd Carney, et al., Defendants and Micromuse, Inc., Nominal*

14   *Defendant*, Case No.C-04-0893-BZ. Be sure to include your name, address, telephone number

15   and your signature; provide proof of current ownership and the date(s) of purchase(s) of

16   Micromuse stock, and state the reasons why you object to the Federal Derivative Action

17   Settlement. Your objection must be filed with the Claims Administrator at the following address

18   on or before November 15, 2005:

19   Claims Administrator
     *Sutterfield v. Carney et al.*
20   c/o A.B. Data. Ltd.
     P.O. Box 170500
21   Milwaukee, Wisconsin, 53217

22

23   Dated:

24                                        By Order of the Court
                                          San Francisco, California
25                                        CLERK OF THE COURT

26

27

28

FEDERAL DERIVATIVE ACTION NOTICE OF PROPOSED SETTLEMENT (SHORT VERSION)
No. C-04-0893 BZ
SF/21636931.1                                                                    5

Legal Tabs Co.  800-322-3022 

**EXHIBIT B-2**

1   FEDERMAN & SHERWOOD
    William B. Federman
2   120 N. Robinson, Suite 2720
    Oklahoma City, OK 73102
3   Telephone: (405) 235-1560
    Facsimile:  (405) 239-2112
4
5   GREEN WELLING LLP
    Robert S. Green (SBN 136183)
6   595 Market St., Suite 2750
    San Francisco, CA 94105
7   Telephone: (415) 477-6700
    Facsimile:  (415) 477-6710
8
9   Attorneys for Plaintiff
10
11              UNITED STATES DISTRICT COURT
12              NORTHERN DISTRICT OF CALIFORNIA
13   GREG SUTTERFIELD, Derivatively On Behalf        No. C-04-0893 BZ
     of MICROMUSE, INC.,
14
                 Plaintiff,
15        vs.
16   LLOYD CARNEY, et al.,                    Date:   December 7, 2005
                                              Time:   1:30 p.m.
17              Defendants.                   Place:  Courtroom G, 15th Floor
                                              Judge:  Bernard Zimmerman
18        - and -
19                                            **FEDERAL DERIVATIVE ACTION
     MICROMUSE, INC., a Delaware corporation,   NOTICE OF PROPOSED
20                                            SETTLEMENT, FINAL APPROVAL
                                              HEARING, AND MOTION FOR
21              Nominal Defendant.            ATTORNEY FEES - (LONG VERSION
                                              FOR POSTING ON WEBSITE)**
22
23
24
25
26
27
28
     FEDERAL DERIVATIVE ACTION NOTICE OF PROPOSED SETTLEMENT (VERSION FOR WEBSITE)
     No. C-04-0893 BZ
     SF/21636952.1

**TO:  ALL HOLDERS OF MICROMUSE, INC. COMMON STOCK.  PLEASE READ THIS NOTICE CAREFULLY.  IT MAY AFFECT YOUR RIGHTS.**

THIS NOTICE RELATES TO THE SETTLEMENT OF A SHAREHOLDERS' DERIVATIVE ACTION AND CLAIMS ASSERTED THEREIN ON BEHALF OF MICROMUSE.

- The Settlement resolves a lawsuit alleging that certain of Micromuse's officers and directors breached their fiduciary duties to Micromuse.

- The Settlement will require Micromuse to maintain and adopt certain therapeutic governance measures for the benefit of the Corporation and all Micromuse shareholders. which are intended to avoid the types of problems complained of in the Federal Derivative Action, and which shall remain in effect for at least two (2) years from the date they are adopted.

- Your legal rights will be affected whether you act, or do not act.  Read this Notice carefully.

This Notice is given pursuant to Rule 23.1 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California (the "Court").  The purpose of this Notice is to inform you of the proposed Settlement of the Federal Derivative Action (the "Action"), and of the hearing to be held by the Court to consider: (1) the fairness, reasonableness, and adequacy of the Settlement; and (2) the applications for attorneys' fees.  This Notice describes rights you may have under the proposed Settlement and what steps you may take in relation to this Action.  This Notice is not an expression of any opinion by the Court as to the merits of any claims or any defenses asserted by any party in this Action, or the fairness or adequacy of the proposed Settlement.

If you are a current Micromuse shareholder, you may object to the Settlement or any of its terms.  To object, you must write to the Claims Administrator setting forth your objection.  Further details regarding how and when to object are set forth below.  If you are a current Micromuse shareholder and do not object to the Settlement, you will have waived any and all objections and shall forever be barred from making any objection to or otherwise challenging the Settlement or any other proceedings in the Action, including an appeal.

FEDERAL DERIVATIVE ACTION NOTICE OF PROPOSED SETTLEMENT (VERSION FOR WEBSITE)
No. C-04-0893 BZ
SF/21636952.1                                                                                                  1

1    Concurrently with this Settlement, a related Class Action lawsuit is being settled as well.

2  The Class Action alleges that Micromuse and certain of its officers and directors misled investors

3  by artificially inflating the price of Micromuse common stock and "smoothing" earnings in order

4  to meet Wall Street's earnings expectations for the Company.  A separate Notice of Proposed

5  Settlement of the Class Action is included in this mailing.  The settlement of the Class Action

6  may affect your rights as described in that separate Notice.  The Settlement of this Action is

7  contingent on the Court's approval of the settlement of the related Class Action lawsuit.

8              **SUMMARY OF SETTLEMENT AND RELATED MATTERS**

9  **1. THE LITIGATION**

10    The Federal Derivative Action, filed on March 4, 2004, alleges that the Individual

11 Defendants, current or former officers and directors of Micromuse, owed a duty to Micromuse

12 and its shareholders to be reasonably informed about the business and operations of the

13 Company.  Plaintiff further alleges that the Individual Defendants breached these duties by

14 actively participating in, encouraging, sponsoring and/or approving of the wrongful acts or

15 omissions complained of in the Complaint, or purposely or recklessly disregarding those

16 wrongful acts or omissions.  Defendants, while continuing to deny all allegations of wrongdoing

17 or liability, desire to settle and terminate the existing and potential claims against them, without

18 in any way acknowledging any fault or liability.

19    A separate group of plaintiffs have filed derivative actions on behalf of Micromuse in

20 state court, called *In re Micromuse Inc. Derivative Litigation*, California Superior Court, County

21 of San Francisco, Lead Case No. 04-428489 (the "State Derivative Action").  The State

22 Derivative Action makes allegations similar to those alleged in this Action:  breach of fiduciary

23 duty, abuse of control, gross mismanagement, waste of corporate assets, unjust enrichment, and

24 violations of the California Corporations Code, but includes an insider selling claim not currently

25 contained in this Action.  The state court has overruled in part defendants' demurrer to the

26 complaint in the State Derivative Action and has delayed further proceedings in the State

27 Derivative Action pending approval of this Settlement.  If the Settlement of this Action is

28 approved by the Court, the parties to the Settlement intend that it will bar other claims asserted

FEDERAL DERIVATIVE ACTION NOTICE OF PROPOSED SETTLEMENT (VERSION FOR WEBSITE)
No. C-04-0893 BZ
SF/21636952.1

2

1  on behalf of Micromuse, including the claims asserted in the State Derivative Action. Further

2  information regarding the State Derivative Action may be obtained by contacting plaintiffs'

3  counsel for the State Derivative Plaintiffs: Jeffrey P. Fink, Robbins, Umeda & Fink, LLP,

4  610 West Ash Street, Suite 1800, San Diego, CA 92101, Telephone (619) 525-3990.

5  **2. FURTHER INFORMATION AVAILABLE**

6  For a more detailed statement of the matters involved in this Action, reference is made to

7  the files in this Action, which may viewed online on the Stanford Securities Class Action

8  Clearinghouse website at http://securities.stanford.edu/1029/MUSEE-01/ (class action), or by

9  visiting the "Pacer" website for the United States District Court for the Northern District of

10  California, at https://ecf.cand.uscourts.gov/cand/index.html. Alternatively, the files may be

11  inspected in person at the Office of the Clerk of the United States District Court for the Northern

12  District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102, during

13  regular business hours.

14  In addition, further information regarding the Action may be obtained by contacting:

15

16  William B. Federman
120 N. Robinson, Suite 2720

17  Oklahoma City, OK 73102
Telephone: (405) 235-1560
Counsel for Plaintiff

18  **3. THE SETTLEMENT**

19  Prior to entering into the Stipulation, Plaintiff's Counsel conducted an investigation

20  relating to the events and transactions alleged in the Complaint. Plaintiff's Counsel analyzed

21  evidence, documents and public filings of Micromuse, researched the applicable law with respect

22  to the claims against Defendants and the potential defenses thereto, and conducted confirmatory

23  discovery concerning the allegations in the Federal Derivative Action. Plaintiff, by his counsel,

24  conducted arms'-length negotiations with counsel for Defendants with the assistance of retired

25  Judge Eugene Lynch, with respect to a compromise and settlement of the Federal Derivative

26  Action with a view to settling the issues in dispute and achieving the best relief possible

27  consistent with the interest of Micromuse and its shareholders. The decision by Plaintiff's

28

FEDERAL DERIVATIVE ACTION NOTICE OF PROPOSED SETTLEMENT (VERSION FOR WEBSITE)
No. C-04-0893 BZ
SF/21636952.1

3

Counsel and Defendants' Counsel to enter into the Settlement was made with knowledge of the facts and circumstances underlying Plaintiff's claims and the strengths and weaknesses of those claims.

Counsel for Plaintiff believes that the Settlement described herein confers very substantial and immediate benefits upon Micromuse's shareholders. Plaintiff's Counsel deem such settlement to be fair, reasonable and adequate, and in the best interests of Micromuse's shareholders.

In full and final settlement of the Action, Micromuse will adopt and/or maintain the following corporate governance measures, which are intended to avoid the type of problems complained of in the Action, and which shall remain in effect for at least two (2) years from the date they are adopted:

(a)   With respect to the Board:

- Every Director shall stand for election for a two (2) year term.

- The Company shall encourage all independent directors to attend a Directors' College or Corporate Governance Program. The Company shall sponsor its director's attendance at any such program.

- At all times, at least a majority of the Board shall be "independent" in accordance with NASDAQ listing standards. One of the independent directors shall be the Lead Independent Director.

- The Board shall hold an executive session at least twice a year at which employee directors are not present. The Lead Independent Director shall schedule and set the agenda for these executive sessions.

(b)   The Nominating and Corporate Governance Committee, the Compensation Committee, and the Audit Committee of the Board shall each be composed entirely of independent directors.

(c)   The Compensation Committee shall set, in writing, annual and long-term performance goals for the CEO and evaluate the CEO's performance against such goals.

(d)   The Compensation Committee shall meet at least once each calendar year in executive session without the CEO, and the CEO shall not be present for that portion of any meeting of the Compensation Committee during which the compensation of the CEO is considered.

(e)    The Compensation Committee shall review and approve all employment agreements, separation and severance agreements, and other compensatory contracts, arrangements, perquisites and payments for the Section 16 executive officers.

(f)    The Compensation Committee shall recommend to the board of directors compensation programs for non-employee directors, committee chairpersons, and committee members, consistent with any applicable requirements of the listing standards for independent directors and including consideration of cash and equity components of this compensation.

(g)    The Compensation Committee shall grant stock options and other discretionary awards under the company's stock option and other equity incentive plans, and otherwise exercise the authority of the board of directors with respect to the administration of the company's stock-based and other incentive compensation plans as outlined in the Compensation Committee charter. Any material amendments to a stock option plan will be implemented in accordance with listing requirements of all exchanges on which Micromuse stock is listed. Any stock options granted to directors or executive officers generally will vest between three to four years from the date of the grant. All stock option grants shall be subject to the change in control provisions of the stock option plan upon consummation of a sale or merger.

(h)    The Compensation Committee shall periodically review and make recommendations to the board concerning the company's equity and incentive compensation plans consistent with the Compensation Committee charter.

(i)    The Board shall at least annually review Incentive Compensation Programs and make recommendations as to modifications or changes.

(j)    After the close of each fiscal year, the Compensation Committee shall report in writing to the Company's shareholders the compensation policies and rationale applied to the compensation of the Company's executive officers during that fiscal year.

(k)    The Nominating and Corporate Governance Committee shall be comprised of independent directors. A majority of the independent directors shall serve on that committee.

(l)    The Nominating and Corporate Governance Committee shall periodically assess, develop and communicate with the full board concerning the appropriate criteria for nominating and appointing directors, including the board's size and composition; corporate governance policies; applicable listing standards and laws; individual director performance, expertise and willingness to serve actively; number of other public and private company boards on which a director candidate serves; consideration of director nominees timely proposed by stockholders in accordance with the bylaws; and other appropriate factors.

(m)    Shareholders may nominate directors as permitted by the Company's bylaws.

(n)    The Nominating and Corporate Governance Committee shall recommend to the board of directors the individuals to be nominated for election as directors at each annual meeting

of stockholders and to fill vacancies on the board of directors, subject to legal rights, if any, of third parties to nominate or appoint directors.

(o)     The Nominating and Corporate Governance Committee shall, if and when requested periodically by the board, identify and recommend to the board the appointees to be selected by the board for service on the committees of the board.

(p)     The Nominating and Corporate Governance Committee shall develop, assess and make recommendations to the board concerning appropriate corporate governance policies.

(q)     The Audit Committee shall be comprised of at least three independent directors. Each committee member must be financially literate upon appointment to the committee, as determined by the board of directors pursuant to the listing standards. At all times, there must be at least one member of the Audit Committee who, as determined by the board of directors, meets the finance, accounting or comparable experience requirement of the listing standards. In addition, the board of directors must annually evaluate whether or not at least one member of the committee is an audit committee financial expert as defined in the SEC rules.

(r)     The Audit Committee shall have sole authority and direct responsibility for the appointment, compensation, retention, termination, evaluations and oversight of the work of the independent auditors engaged by the company for the purpose of preparing or issuing an audit report of related work or performing other audit, review or attest services for the company. The independent auditors must report directly to the Audit Committee. The Audit Committee's authority includes, without limitation, resolution of disagreements between management and the auditors regarding financial reporting.

(s)     The Board's Committees shall have standing authorization, on their own decision, to retain legal and/or other advisors of their choice, which advisors shall report directly to the Committee.

(t)     The Audit Committee shall conduct quarterly meetings during which there shall be time set aside at each meeting for the Audit Committee to meet with the outside auditors without Company management being present.

(u)     The Audit Committee shall review and discuss with appropriate members of the company's management the audited financial statements, related accounting and auditing principles and practices, and management's assessment of internal control over financial reporting and the related reports on internal control to be included in the company's Annual Report on Form 10-K.

(v)     The Audit Committee shall timely request and receive from the independent auditors (prior to each filing of the audit report with the SEC) the report required in connection with the annual audit pursuant to applicable SEC rules concerning (1) all critical accounting policies and practices to be used; (2) all alternative treatments within generally accepted accounting principles for policies and practices related to material items that have been discussed with management of the company, including: (i) ramifications of the use of such alternative disclosures and treatments; and (ii) the treatment preferred by the independent auditors; and (3) other material written communications between the independent auditors

and the management of the company, such as any management letter or schedule of unadjusted differences.

(w)    The Audit Committee shall conduct a quarterly review including a review of the quarterly financial statements of the Company and the results of the independent auditors' review of these financial statements. So long as the Company remains a publicly traded company, the Company shall engage an independent auditing firm to perform an annual audit of its financial statements.

(x)    The Company shall rotate its independent auditing firm's lead partner and concurring partner at least once every five (5) years. The Company's independent auditor shall not provide any consulting services to the Company except as may be permissible under Section 201 of the Sarbanes-Oxley Act and the rules and regulations promulgated thereunder.

(y)    The Company's independent auditor may not perform any consulting work or provide personal tax or financial planning advice to any officer or director of the Company.

(z)    Shareholder proposals may be made in accordance with the Company's bylaws, Article II.

(aa)    The Board shall adopt the insider trading policy attached as Exhibit A to the Corporate Governance Measures attached as Exhibit A to the Settlement Stipulation.

(bb)    The Board shall adopt the Code of Business Conduct attached as Exhibit B to the Corporate Governance Measures attached as Exhibit A to the Settlement Stipulation.

(cc)    The Board shall adopt the Incentive Compensation Program attached as Exhibit C to the Corporate Governance Measures attached as Exhibit A to the Settlement Stipulation.

In addition to the above therapeutic corporate governance measures, Defendants, as part of the Settlement, have approved and will take all reasonable actions to cause the payment of funds made available by the Individual Defendants' Directors' and Officers' liability Insurers as required to resolve the related Class Action lawsuit pending against the Company.

In consideration for implementing the therapeutic corporate governance measures and resolving the Class Action, upon the "Effective Date" Derivative Plaintiff and Micromuse (as a nominal defendant in the Federal Derivative Action) will release all "Released Claims" (as defined in the Stipulation) against the "Released Persons" (as defined in the Stipulation).

As more specifically defined in the Stipulation, "Released Claims" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, including, without

limitation, claims  based on federal, state, local, statutory or common law or any other law, rule or regulation, asserted or that might have been asserted by Micromuse or by Micromuse shareholders on behalf of Micromuse against Defendants or any of the Released Persons arising out of, based upon, or related in any way to the facts, transactions, events, matters, occurrences, acts, disclosures, statements, schemes, representations, failure(s) to act or omissions alleged in the Federal Derivative Action.

As more specifically defined in the Stipulation, "Released Persons" means the Defendants in the Federal Derivative Action, or any of them, or any of their present or former officers, directors, employees, agents, attorneys, stockholders, financial advisors, accountants, commercial bank lenders, investment bankers, representatives, affiliates, associates, parents, subsidiaries, general and limited partners and partnerships, heirs, executors, administrators, successors and assigns.

With respect to the Federal Derivative Action, the "Effective Date" will occur upon: (i) preliminary approval of the Settlement, entry of a Court Order approving the Settlement, and entry of Judgment; and (ii) approval of the settlement of the Class Action.

Plaintiff's Counsel in the Federal Derivative Action intend to apply for fees and reimbursement of expenses of up to $250,000.00 incurred in pursuing the Federal Derivative Action. Plaintiff's Counsel in the Federal Derivative Action have expended considerable time and effort in the prosecution of this litigation. Plaintiff's Counsel worked wholly on a contingency basis, and have advanced expenses of the litigation, in the expectation that if they were successful in obtaining  relief in the Federal Derivative Action, they would be paid for their time and effort in prosecuting the litigation.

## 4. THE FAIRNESS HEARING

A hearing on the fairness of the Settlement will be held before the Honorable Bernard Zimmerman in the United States Courthouse, 450 Golden Gate Avenue, 15th Floor, Courtroom G, San Francisco, California at 1:30 p.m., on December 7, 2005 (the "Settlement Fairness Hearing"). The purpose of the Settlement Fairness Hearing will be to determine (a) whether the Settlement of the Federal Derivative Action is fair, reasonable and adequate; and (b) whether the

1  application for attorneys' fees and reimbursement of expenses should be approved.  The Court

2  may adjourn or continue the Settlement Fairness Hearing without further notice to you or to

3  Micromuse's shareholders.  If you intend to attend the Settlement Fairness Hearing, you should

4  confirm the date and time with Plaintiff's Counsel.

5  **5. THE RIGHT TO OBJECT**

6          You may object to the Settlement.  To object, you must send a signed letter as outlined

7  below, stating that you object to the proposed settlement in *Greg Sutterfield, derivatively and on*

8  *behalf of Micromuse, Inc. v. Lloyd Carney, et al., Defendants and Micromuse, Inc., Nominal*

9  *Defendant*, Case No.C-04-0893-BZ.  Be sure to include your name, address, telephone number

10  and your signature; provide proof of current ownership and the date(s) of purchase(s) of

11  Micromuse stock, and state the reasons why you object to the Federal Derivative Action

12  Settlement.  Your objection must be filed with the Claims Administrator at the following address

13  on or before November 15, 2005:

14

15  Claims Administrator
*Sutterfield v. Carney et al.*

16  c/o A.B. Data. Ltd.
P.O. Box 170500

17  Milwaukee, Wisconsin, 53217-8041
1 (800) 918-9012

18

19

20  Dated:

                                By Order of the Court
21                              San Francisco, California
                                CLERK OF THE COURT

22

23

24

25

26

27

28

Legal Tabs Co. 800-322-3022 

**EXHIBIT B-3**

1    FEDERMAN & SHERWOOD
2    William B. Federman
     120 N. Robinson, Suite 2720
3    Oklahoma City, OK 73102
     Telephone: (405) 235-1560
4    Facsimile: (405) 239-2112

5    GREEN WELLING LLP
6    Robert S. Green (SBN 136183)
     595 Market Street, Suite 2750
7    San Francisco, CA 94105
     Telephone: (415) 477-6700
8    Facsimile: (415) 477-6710

9    Attorneys for Plaintiff

10

11                 UNITED STATES DISTRICT COURT
12             NORTHERN DISTRICT OF CALIFORNIA

13    GREG SUTTERFIELD, Derivatively On Behalf
     of MICROMUSE, INC.,            No. C-04-0893 BZ

14

              Plaintiff,
15        vs.

16    LLOYD CARNEY, et al.,         Date:    December 7, 2005
                            Time:    1:30 p.m.
17            Defendants.       Place:   Courtroom G, 15th Floor
                            Judge:   Bernard Zimmerman
18        - and -

19                             **FEDERAL DERIVATIVE ACTION**
     MICROMUSE, INC., a Delaware corporation,
20

21           Nominal Defendant.

22

23

24 **SUMMARY NOTICE OF PENDENCY OF PROPOSED SETTLEMENT OF FEDERAL**

25 **DERIVATIVE ACTION AND SETTLEMENT HEARING**

26 TO: ALL PERSONS AND ENTITIES WHO OWN COMMON STOCK OF MICROMUSE

27 INC.

28

1       YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District

2 Court for the Northern District of California, that a hearing will be held before the Honorable

3 Bernard Zimmerman, United States Magistrate Judge, 450 Golden Gate Ave, 15th Floor,

4 Courtroom G, San Francisco, California 94102, on December 7, 2005, at 1:30 p.m. (the

5 "Settlement Fairness Hearing") for the purposes of determining (1) the fairness, reasonableness,

6 and adequacy of the Settlement; and (2) the applications for attorneys' fees.

7       The Federal Derivative Action, filed on March 4, 2004, alleges that the Individual

8 Defendants, current or former officers and directors of Micromuse, owed a duty to Micromuse

9 and its shareholders to be reasonably informed about the business and operations of the

10 Company. Plaintiff further alleges that the Individual Defendants breached these duties by

11 actively participating in, encouraging, sponsoring and/or approving of the wrongful acts or

12 omissions complained of in the Complaint, or purposely or recklessly disregarding those

13 wrongful acts or omissions. Defendants, while continuing to deny all allegations of wrongdoing

14 or liability, desire to settle and terminate the existing and potential claims against them, without

15 in any way acknowledging any fault or liability. Further detail regarding the Settlement may

16 viewed online at Micromuse's web page, www.micromuse.com, by clicking on "company" and

17 then on "investor relations," or by typing in your web browser:

18 www.corporate-ir.net/ireye/ir_site.zhtml?ticker=MUSE&script=2100.     To object, you must

19 send a signed letter as outlined below, stating that you object to the proposed settlement in *Greg*

20 *Sutterfield, derivatively and on behalf of Micromuse, Inc. v. Lloyd Carney, et al., Defendants and*

21 *Micromuse, Inc., Nominal Defendant*, Case No.C-04-0893-BZ. You must include your name,

22 address, telephone number and your signature; provide proof of current ownership and the

23 date(s) of purchase(s) of Micromuse stock, and state the reasons why you object to the

24 Derivative Action Settlement. Your objection must be filed with the Claims Administrator at the

25 following address on or before November 15, 2005:

26

27 Claims Administrator
*Sutterfield v. Carney et al.*

28 c/o A.B. Data. Ltd.

SUMMARY NOTICE OF PENDENCY OF PROPOSED SETTLEMENT OF DERIVATIVE ACTION
No. C-04-0893 BZ
SF/21636940.1

1  P.O. Box 170500
2  Milwaukee, Wisconsin, 53217-8041
   1 (800) 918-9012

3

4         If you are a current Micromuse shareholder and do not submit an objection, you will have

5  waived any and all objections and shall forever be barred from making any objection to or

6  otherwise challenging the Derivative Action Settlement, the final judgment dismissing the

7  Derivative Action, or any other proceedings in the action.

   Inquiries may be made to Derivative Plaintiffs' Counsel:
8
   William B. Federman
9  Federman & Sherwood
   120 N. Robinson, Suite 2720
10 Oklahoma City, OK 73102
   Telephone: (405) 235-1560
11
            **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**
12
   **REGARDING THIS NOTICE.**
13
   Dated:
14
                                    BY ORDER OF THE COURT
15
                                    UNITED STATES DISTRICT COURT
16                                  NORTHERN DISTRICT OF CALIFORNIA

17

18

19

20

21

22

23

24

25

26

27

28
   SUMMARY NOTICE OF PENDENCY OF PROPOSED SETTLEMENT OF DERIVATIVE ACTION
   No. C-04-0893 BZ
   SF/21636940.1                                                                3