UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG SUTTERFIELD, Derivatively On Behalf of MICROMUSE, INC.,<br><br>    Plaintiff,<br>vs.<br><br>LLOYD CARNEY, et al.,<br><br>    Defendants.<br><br>- and -<br><br>MICROMUSE, INC., a Delaware corporation,<br><br>    Nominal Defendant. | No. C-04-0893 BZ<br><br>[PROPOSED] ORDER OF FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

1  This matter came before the Court on hearing pursuant to the Order of this Court, dated October 3, 2005 (the "Preliminary Order"), on application of the parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated September 28, 2005 (the "Derivative Stipulation"). Due and adequate notice (the "Notice") of said Derivative Settlement Fairness Hearing was given in accordance with the Preliminary Order; and the respective parties having appeared and having been heard; the matters having been considered by the Court, and the Court having made its findings of fact and conclusions of law as set forth below, good cause appearing;

IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.  Capitalized terms used herein and not otherwise defined shall have the same meaning as set forth in the Derivative Stipulation.

2.  The form and manner of Notice are hereby determined to have been the best notice practicable under the circumstances and constitute due and sufficient notice to all persons entitled to receive such notice in compliance with the provisions of Rule 23.1 of the Federal Rules of Civil Procedure, the requirements of due process, the United States Constitution, and all other applicable law.

3.  This action is properly maintained as a derivative action under Rule 23.1 of the Federal Rules of Civil Procedure on behalf of Micromuse, and Greg Sutterfield is an appropriate Derivative Plaintiff.

4.  The Settlement as approved is fair, reasonable and adequate, and in the best interests of Micromuse and its shareholders, and shall be consummated in accordance with the terms and conditions of the Derivative Stipulation.

5.  The Federal Derivative Action and all claims contained therein are hereby dismissed with prejudice as to Micromuse and the Individual Defendants (jointly the "Defendants").

6.  Upon the Effective Date, and except as provided in paragraph 12 below, Derivative Plaintiff and Micromuse (as a nominal defendant in the Derivative Federal Action), on behalf of themselves and each of their predecessors, successors, parents, subsidiaries,

affiliates, custodians, agents, assigns, representatives, heirs, estates, executors, trusts, trustees, trust beneficiaries, administrators, spouses, marital communities, and immediate family members, shall be deemed to have, and by operation of this Order of Final Judgment and Dismissal shall have, fully, finally, and forever released, relinquished and discharged all Released Claims and any and all claims relating to or arising out of or connected with the Settlement or resolution of the Federal Derivative Action, against all of the Released Persons. The Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Defendants on the merits and with prejudice by virtue of the proceedings herein and this Order of Final Judgment and Dismissal.

7.  Upon the Effective Date, and except as provided in paragraph 12 below, Derivative Plaintiff, Micromuse (as a nominal defendant in the Federal Derivative Action), and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, estates, executors, trusts, trustees, trust beneficiaries, administrators, spouses, marital communities, and immediate family members, are forever barred and enjoined from commenting, instituting or prosecuting any of the Released Claims, or any action or other proceeding, against any of the Released Persons, based on, arising out of, related to, or in connection with, the Released Claims.

8.  Each of the Defendants is, by virtue of the Settlement and this Order of Final Judgment and Dismissal, discharged from any claims for contribution that have been or may hereafter be brought by or on behalf of any person based upon, relating to, or arising out of the Released Claims. Accordingly, the Derivative Plaintiff and any other persons sued or to be sued by the Derivative Plaintiff are barred and enjoined from commencing or prosecuting any action against the Defendants relating to any of the Released Claims, including, but not limited to, any suit for contribution, common law, or statutory indemnity, or other claims by any person or third party against a Defendant directly or indirectly arising out of, based upon, relating to or connected with any of the Released Claims.

1  9. Neither this Order of Final Judgment and Dismissal, the Derivative Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Defendants or against the Derivative Plaintiff as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of them with respect to the truth of any fact alleged by Derivative Plaintiff or the validity of any claim that had been or could have been asserted in the actions or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Actions or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b) offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Derivative Plaintiff as evidence of any infirmity in the claims of Derivative Plaintiff;

(c) offered or received against the Defendants or against the Derivative Plaintiff as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Derivative Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Derivative Stipulation; provided, however, that the Derivative Stipulation and the Exhibits thereto may be filed in any other action against or by the Defendants or the Released Parties to support a defense of res judicata, collateral estoppel, release or other theory of claim or issue preclusion or similar defense, and Defendants may refer to the Derivative Stipulation to effectuate the liability protection granted them thereunder;

(d) construed against the Defendants or the Derivative Plaintiff as an admission or concession that the consideration to be given in connection with the Derivative Stipulation represents the amount which could be or would have been recovered after trial; or

1  (e) construed as or received in evidence as an admission, concession or
2  presumption against Derivative Plaintiff that any of his claims were without merit or that
3  damages were not recoverable in the Federal Derivative Action.

4  10. The Fee Application is granted and Derivative Plaintiff's Counsel are hereby
5  awarded *see below* for their reasonable attorneys' fees and for reimbursement for
6  expenses incurred in connection with the Federal Derivative Action. The attorneys' fees and
7  reimbursement of expenses shall be distributed pursuant to the Derivative Stipulation.

8  11. Jurisdiction is hereby retained over the parties for all matters relating to this
9  action, including the interpretation, effectuation or enforcement of the Derivative Stipulation
10 and this Order of Final Judgment and Dismissal.

11 12. If the Effective Date fails to occur, or the Derivative Stipulation is canceled and
12 terminated for any reason, then this Order of Final Judgment and Dismissal shall be rendered
13 null and void to the extent provided by and in accordance with the Derivative Stipulation and
14 shall be vacated and, in such event, all orders entered and releases delivered in connection
15 herewith shall be null and void to the extent provided by and in accordance with the Derivative
16 Stipulation.

17

18 **IT IS SO ORDERED.**

19
20 Dated: *7 Dec 05*                                   *[signature]*
21                                                    HONORABLE BERNARD ZIMMERMAN,
                                                     UNITED STATES MAGISTRATE JUDGE

*Federman + Sherwood*
  fees   $ 140,000.00
  costs  $  22,134.26

*Green + Welling*
  fees   $  30,000.00
  costs  $   1,951.57